While I concur with the decision reached by the majority, I do so for different reasons. Succinctly, it is my opinion that the assigned errors have not been preserved for our review because the record does not support that appellant filed objections to the magistrate's decision.
Traf.R. 14 governs the role of magistrates in traffic court and provides, in relevant part:
 (C) A court may provide for the reference of contested cases to a magistrate for adjudication and written decision. Objections may be filed pursuant to division (E)(3) of Rule 53 of the Rules of Civil Procedure and, if filed, shall be considered by the court pursuant to division (E)(4)(b) of that rule. Except as provided in division (D) of this rule, contested cases shall not be referred to a magistrate without the written consent of the defendant.
As can be surmised, only divisions (E)(3) and (4)(b) of Civ.R. 53 are applicable to traffic cases over which a magistrate presides. Division (E)(3), provides for the time and form of filing objections while division (E)(4)(b) provides for the court's disposition of objections. Division (E)(3)(b), in particular, provides that a "party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
While Traf.R. 14 does not expressly require that objections be filed, I interpret the reference to "division (E)(3) of Rule 53 of the Rules of Civil Procedure" contained in this traffic rule as incorporating the entire division thereby requiring the filing of objections in order to preserve any error for appeal. See State v. Garrett (June 1, 2001), Greene App. No. 2000CA115, unreported, 2001 Ohio App. Lexis 2459; State v.Lamore (Dec. 4, 1998), Montgomery App. No 17145, unreported, 1998 Ohio App. Lexis 5728; but, see State v. Spencer (Aug. 24, 2001), Greene App. No. 2001-CA-40, unreported, 2001 Ohio App. Lexis 3760. Since no objections were filed in this case, appellant's assigned errors have not preserved for appeal.